JUDGE PAULEY

13 CV 2457

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TAKAO HAKOTA,

                Plaintiff

-against-

                              COMPLAINT
                              AND JURY DEMAND

                              No.

THE CITY OF NEW YORK, and
POLICE OFFICER MARILYN ESTRADA of the
NEW YORK CITY POLICE DEPARTMENT

                Defendant(s),
------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER MARILYN ESTRADA of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment of TAKAO HAKOTA.

2. On April 13, 2010, POLICE OFFICER MARILYN ESTRADA of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, TAKAO HAKOTA, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction,

1

pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

7. Plaintiff at all times relevant hereto resided in the City and State of New York, County of Queens.

8. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9. The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICER MARILYN ESTRADA and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual

defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

14. Within 90 days of the occurrence of the incident, plaintiffs filed written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. Approximately one week prior to April 13, 2010, plaintiff and his girlfriend at the time went with a friend and the friend's girlfriend to a jewelry store located at 32 St. Mark's Place in Manhattan, NY.

16. While at the store, plaintiff's friend purchased a ring.

17. When plaintiff's friend returned to the store on April 13, 2010 to exchange the ring, he noticed a photograph of the plaintiff and plaintiff's girlfriend at the cash register. A store employee explained that the photograph had been placed at the cash register because plaintiff and plaintiff's girlfriend had stolen from the store when they were there earlier in the week.

18. On April 13, 2010, upon learning of his photograph and the store's accusation, plaintiff returned to 32 St. Marks Place at approximately 7:50 p.m. and asked to have the photograph removed since he had not stolen anything.

19. Plaintiff explained that it would have been impossible for his girlfriend or he to have stolen anything since neither of them had touched any items in the store.

20. The store employee was unable to provide plaintiff with any proof that either plaintiff or his girlfriend had had stolen anything.

21. At approximately the same time POLICE OFFICER MARILYN ESTRADA, and other members of the NYPD, arrived at the jewelry store and arrested plaintiff and charged him with disorderly conduct.

22. Specifically the summons charged plaintiff with Penal Law 240.20 (6) which states a person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.

23. At no time did plaintiff act disorderly.

24. OFFICER MARILYN ESTRADA handcuffed plaintiff so tightly that plaintiff received a cut to his wrist which lasted three weeks.

25. Plaintiff complained of the pain that he was in, but the defendants ignored him.

26. Plaintiff was placed in a police car and taken to the 9th precinct where he was placed in a cell for a number of hours before he was given a summons.

27. After appearing in court two times plaintiff received an ACD.

28. Plaintiff suffered physical pain, emotional distress, including nightmares, because of his arrest and detention.

29. Since his arrest, whenever plaintiff is in the East Village he gets upset as a result of how the police treated him.

30. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

31. The plaintiff remained in custody for approximately 15 hours.

32. Defendants acted maliciously and intentionally.

33. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, physical injury, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

34. Paragraphs 1 through 33 are herein incorporated by reference.

35. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

37. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

40.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

41.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

42.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

43.     Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

44.     Defendants subjected plaintiff to false arrest and false imprisonment.

45.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
## (FOURTH AMENDMENT)

46.   Paragraphs 1 through 45 are incorporated herein by reference.

47.   Defendant OFFICER MARILYN ESTRADA arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

48.   That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

49.   Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.   Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.   Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
## (FOURTEENTH AMENDMENT)

50. Paragraphs 1 through 49 are incorporated herein by reference.

51. Defendants OFFICER MARILYN ESTRADA illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

52. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

53. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
April 12, 2013

                              BROMBERG LAW OFFICE, P.C.

By:   Michael N. Litrownik
       One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Michael N. Litrownik
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036